IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| LUIS NERI AMADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-671 (AJT-LRV) |
| JEFFREY CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Luis Neri Amado's Petition for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2241. [Doc. No. 1]. For the reasons discussed below, the Petition is GRANTED.

### I.    BACKGROUND

Petitioner is a native of Mexico who entered the United States without inspection in 2003.

[Doc. No. 1] ¶¶ 29, 65. Petitioner has resided in Maryland for over a decade and has worked

repairing homes throughout the Washington, D.C.-Maryland region for the past decade. *Id.* ¶ 65.

He has no criminal history. *Id.*

On January 6, 2026, Petitioner was commuting home from work as a passenger in his

colleague's truck when multiple unmarked vehicles "box[ed] in" the truck with unmarked vehicles,

smashed the passenger-side window, and forcibly removed despite his non-resistance, and

handcuffed him. *Id.* ¶ 67. Some of the officers wore "POLICE" vests, while others wore no

identifying insignia. *Id.* The officers did not identify themselves, present a warrant, state the basis

for the stop or arrest, or afford Petitioner the opportunity to explain his circumstances. *Id.*

Following his arrest, Petitioner was transported to Chantilly, Virginia, then Riverside, Virginia,

before he was eventually transferred to Farmville Detention Center, where he remains detained.

*Id.* ¶ 68.

Following Petitioner's arrest, ICE issued a Form I-213, stating that Petitioner "was likely to escape before a warrant could be obtained" because 1) Petitioner was "arrested at large, (not at their residence or place of business)," 2) Petitioner "entered the United States after evading inspection," 3) and Petitioner was encountered "while in a vehicle." [Doc. No. 1-3] at 2. Although ICE did not have an administrative warrant for Petitioner at the time of his arrest, it subsequently issued a Form I-200 "Warrant for Arrest of Alien," after Petitioner was in custody. [Doc. No. 1-4] at 3.

On January 7, 2026, Respondents issued Petitioner a Notice to Appear ("NTA"), charging him as removable and placing him in removal proceedings in the Annandale Immigration Court. [Doc. No. 1-4] at 2. Petitioner has remained detained at Farmville without bond since January 2026 due to Respondents' mandatory detention policy. [Doc. No. 1] ¶¶ 75–76.

Petitioner seeks habeas relief from this Court on the grounds that his ongoing detention violates 8 U.S.C. § 1357(a)(2) and its Implementing Regulations (Count I); the Fourth and Fifth Amendments (Count II); Petitioner's substantive and procedural due process rights (Count III); and the Immigration and Nationality Act (the "INA") and the Administrative Procedure Act (Count IV). Petitioner also requests that the Court order Respondents to produce all records relating to decisions on his arrest and detention held by Respondent pursuant to 28 U.S.C. § 2247 (Count V).

As has been this Court's practice, on March 11, 2026, following the receipt of the Petition, the Court directed Respondents to submit whether there are any material factual and legal issues that differentiate this Petition from those presented in *Hernandez v. Crawford*, No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), namely the propriety of mandatory detention under 8 U.S.C. § 1225(b)(2). [Doc. No. 3]. On March 13, 2026, Respondents submitted

2

"that the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Hernandez*; namely, both the instant petition and *Hernandez* concern whether an alien who is present in the United States without admission is properly subject to mandatory detention (i.e., detention without the prospect of release on bond) during the pendency of his administrative removal proceedings pursuant to 8 U.S.C. § 1225(b)." [Doc. No. 11]. Before any ruling by this Court, Petitioner objected to the Court ruling on the propriety of Petitioner's detention under 8 U.S.C. § 1225(b) since Petitioner also has raised claim under the Fourth and Fifth Amendments, which was not at issue in *Hernandez*. [Doc. No. 12]. Thereafter, the Court directed Respondents to respond to Petitioner's warrantless arrest claims. [Doc. No. 13]. Having received Respondents' Opposition, [Doc. No. 15], and Petitioner's Reply in further support of his Petition, the Court now considers the Petitioner's request for immediate release under the Fourth and Fifth Amendments.

## II.    LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).

## III.    DISCUSSION

Petitioner contends that his arrest was unlawful because it was made without probable cause in violation of the Fourth and Fifth Amendments, 8 U.S.C. § 1357(a)(2) and its Implementing Regulations, the Immigration and Nationality Act, and the Administrative Procedure Act. [Doc. No. 1]. Respondents, in opposition, argue that Petitioner is not entitled to immediate release on his warrantless arrest claims because those claims are improperly brought in a habeas action since they challenge Petitioner's initial warrantless arrest rather than his current

3

detention, which is the proper focus of a habeas petition. [Doc. No. 15].

The Court concludes, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, and as a matter of constitutional due process, Petitioner is entitled to a bond hearing before an Immigration Judge. Because the Court finds that the relief ordered herein adequately remedies the statutory and constitutional violations, the Court finds it unnecessary to decide whether Petitioner is entitled to relief based on his warrantless arrest claims.

## IV.   CONCLUSION

For the reasons discussed above, the Petition is GRANTED and it is hereby

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order. Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

**ORDERED** that Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a); and it is further

**ORDERED** that Respondents are ENJOINED from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration

or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Alexandria, Virginia
April 21, 2026

Anthony J. Trenga
United States District Judge